UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAWN SWINN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|  vs. | )   Case No. 4:12-CV-600 SNLJ |
| | ) |
| THE JOHNSON LAW FIRM, L.L.C., et al., | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Dawn Swinn filed this Motion to Compel Defendant's Rule 26 Initial Disclosures on May 31, 2012 (#15). Defendants responded. Plaintiff has not filed a reply brief, and the time for doing so has passed.

Plaintiff states that defendants have refused "to provide full and complete initial disclosures as required by Fed. R. Civ. P. 26(a)" because defendants refused to provide the following items in connection with their disclosures: account history and notes for Plaintiff, Plaintiff's payment records for the account in dispute, initial dun letter sent to plaintiff, the Declarations Page for The Johnson Law Firm, LLC's errors and omissions insurance policy, and all voice recordings between Plaintiff and Defendants.

Federal Rule of Civil Procedure 26(a) states that "a party must...provide to the other parties...a copy — or description by category and location — of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii). Defendants timely served their Rule 26(a)

disclosures on May 29, 2012.  Defendants identified the following and stated that they would be made available on request: (1) "Certain Materials from the Swinn Account, which will be made available for copying and inspection, as required, at the offices of the undersigned counsel" and (2) "The applicable agreement between Defendant The Johnson Law Firm and its insurance carrier."

Plaintiff apparently believes that defendants' defensive strategy will require the documents plaintiff demands, but plaintiff's belief does not dictate defendants' Rule 26(a) disclosures.  Plaintiff's specific requests are more appropriately made pursuant to Federal Rule of Civil Procedure 34.  The defendants state in their response that the documents plaintiff seeks will likely be included in defendants' production in response to document requests under Rule 34, and, there having been no reply brief filed, it appears that plaintiff has obtained or expects to obtain the documents she requested.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Compel Defendant's Rule 26 Initial Disclosures, filed May 31, 2012 (#15), is **DENIED**.

Dated this   26th   day of June, 2012.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE